UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE C FINK FAMILY TRUST BY ITS TRUSTEE ZALMEN LANDAU,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | Case No.: 10-cv-9230 (JSR) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

FISHKIN LUCKS LLP
Andrew P. Fishkin
Steven M. Lucks
277 Broadway, Suite 408
New York, NY 10007
Tel.: 646.755.9200
afishkin@FishkinLucks.com
slucks@FishkinLucks.com
*Attorneys for Defendant*
*American General Life Insurance Company*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I. ARGUMENT .......................................................................................................................... 1

    A. The Court Should Exercise Its Discretion To Decline Jurisdiction Under The
       Declaratory Judgment Act .......................................................................................... 1

    B. The Court Should Dismiss Or Stay This Action Because The New Jersey Action was
       First-Filed ................................................................................................................. 3

II. CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) ............................................................................ 4

*Equal Employment Opportunity Commission v. Univ. of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) ............................................................................................................................. 4

*Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978) ..................................... 4

*First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ................. 4

*Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122 (S.D.N.Y. 1995) ........................... 1

*In re Application of Thomas & Agnes Carvel Found.*, 36 F. Supp.2d 144 (S.D.N.Y. 1999) ......... 2

*Jacobs v. District Director of Internal Revenue, Borough of Manhattan, City of New York*, 217 F. Supp. 104 (S.D.N.Y. 1963) ................................................................................. 2

*Quality King Distributors, Inc. v. KMS Research, Inc.*, 946 F. Supp. 233 (E.D.N.Y. 1996) ......... 1

*Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp.2d 49 (S.D.N.Y. 2001) .......................... 4

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950) ....................................... 1

*Spotless Enter., Inc. v. Accessory Corp.*, 415 F. Supp.2d 203 (E.D.N.Y. 2006) .............. 3

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 7

N.J. Court Rule 4:4-6 ............................................................................................................... 6

I.  ARGUMENT

A.  The Court Should Exercise Its Discretion To Decline
    Jurisdiction Under The Declaratory Judgment Act.

Plaintiff has established no ground, let alone sufficient grounds, for departure from the well-established abstention doctrine. Instead, plaintiff tries to argue that abstention under the Declaratory Judgment Act is not an option because it brought this action in state court, and that if it does abstain from exercising jurisdiction, the Court should remand the action to New York County. Opp. Br. at 8 ("Having removed the action on grounds of diversity jurisdiction, American General should not now be permitted to use that removal as a pretext for this Court to dismiss the New York action. If this Court chooses to abstain from exercising jurisdiction over this matter, however, the Fink Trust submits that the appropriate procedure would be to remand the action to the Supreme Court of New York"). Plaintiff is wrong on both counts.

In the first place, the Declaratory Judgment Act applies to removed actions. *See Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 & n. 2 (S.D.N.Y. 1995) (the Declaratory Judgment Act, as opposed to state law, governs cases removed on the basis of diversity jurisdiction under an *Erie* analysis). *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (Declaratory Judgment Act is procedural in nature and not an extension of federal court jurisdiction).

In *Quality King Distributors, Inc. v. KMS Research, Inc.*, 946 F. Supp. 233 (E.D.N.Y. 1996), plaintiff brought suit in the Supreme Court of the State of York seeking judgment declaring its right to continue to purchase certain products. Defendant removed the action pursuant to the court's diversity jurisdiction and on the same date filed a related action in the California Superior Court. Following that, defendant moved to dismiss or stay the removed action pursuant to the Declaratory Judgment Act based on the ongoing California lawsuit. The

1

court found that the removed action was "governed by federal rather than state law because the Declaratory Judgment Act addresses procedural as opposed to substantive rights," and applied the *Brillhart/Wilton* line of cases to defendant's motion. *Id.* at 236.

Assuming that the Court declines jurisdiction over this later-filed action, it should dismiss (or stay) it in favor of the prior-filed New Jersey action. The cases cited by plaintiff, *Jacobs v. District Director of Internal Revenue, Borough of Manhattan, City of New York*, 217 F. Supp. 104, 106 (S.D.N.Y. 1963) and *In re Application of Thomas & Agnes Carvel Found.*, 36 F. Supp.2d 144 (S.D.N.Y. 1999), are procedurally inapposite and do not support a different result. Both cases involved remand applications where no other state court actions had been filed and were pending elsewhere.

Given the foregoing, and that (i) plaintiff does not contest the parties' controversy can be better resolved in the prior-filed New Jersey action where Fink and Biller (and other to be named parties) are present, (ii) plaintiff readily acknowledges the relief it seeks would result in duplicative, piecemeal litigation in which this Court and the New Jersey court would both rule on the validity of the Policy, *see* Opp. Br. at 9, and (iii) plaintiff does not challenge that its declaratory judgment claim presents exclusively state law issues, this Court should abstain from exercising jurisdiction and dismiss (or stay) this action in favor of the prior-filed New Jersey action.

B. The Court Should Dismiss Or Stay This Action Because The New Jersey Action Was First-Filed.

Plaintiff has not come close to overcoming the "strong presumption" this Court has repeatedly stated exists in favor of a first-filed action. As a preliminary matter, plaintiff is mistaken insofar as it argues that the first-filed rule applies only where both actions involve the

same parties. *See* Opp. Br. at 9. "Importantly, the rule does not require *identical* parties in both cases, but merely requires 'substantial overlap.'" *Spotless Enter., Inc. v. Accessory Corp.*, 415 F. Supp.2d 203, 206 (E.D.N.Y. 2006) (emphasis in original) (*quoting Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir.1997)). With American General, the Trust and Landau parties in this and the prior-filed New Jersey action, there is clearly a substantial overlap of parties in both actions.

Plaintiff is also mistaken to the extent that it tries to argue the claims here and in the New Jersey action are not at least substantially similar. Both sets of claims concern the Policy and both sets of claims relate to the Policy's validity. Far from a reason to *ignore* the first-filed rule, plaintiff's argument that this Court can find the Policy did not lapse (and is not void) due to the failure to pay premiums while the New Jersey court can find the Policy void due to material misrepresentations in the Policy application, highlights one of the compelling reasons why this Court should apply the rule. The first-filed rule is intended to "advance judicial economy," not avoid it, and to "avoid duplicative litigation," not advance it. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp.2d 49, 54 (S.D.N.Y. 2001).

Finally, notwithstanding plaintiff's effort to create same, no special circumstances exist that would allow this later-filed action to proceed. In two of the four cases plaintiff cites to support its argument, courts found an *absence* of special circumstances that would justify departure from the first-filed rule. *See Adam v. Jacobs*, 950 F.2d 89, 94 (2d Cir. 1991) ("this case does not justify a departure from the prior pending action rule" and thus, "we conclude that the district court erred by failing to transfer or dismiss this action"); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("We agree with the court that '[t]he balance of conveniences in this case does not overcome the presumption in favor of allowing the

3

controversy to be adjudicated in the forum where it was first filed.' We find no abuse of the court's discretion here."). The two remaining cases to which plaintiff cites present unique facts not present here. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978) (District Court did not abuse its discretion by allowing later-filed action in the Southern District of New York to proceed where there were already two additional lawsuits presenting the identical issue for resolution in that court, and since defendant's first-filed action was in apparent anticipation of plaintiff's Southern District suit); *Equal Employment Opportunity Commission v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988) ("... district court did not abuse its discretion by declining to dismiss the second-filed suit" where the prior-filed action appears to have been filed "to preempt an imminent subpoena enforcement" action).

The remainder of plaintiff's "special circumstances argument" is difficult to follow. For instance, plaintiff claims: "American General admits that it was aware of the allegations in the New Jersey rescission action prior to its commencement." Opp. Br. at 10. Yet, one would expect that a party would have awareness of its allegations before it interposed them. That American General had to move to restore its complaint against the Trust for the reasons stated in its counsel's affidavit, Fishkin Decl. at exh. I, is hardly remarkable, much less does it reflect inequitable conduct or bad faith that would justify this Court ignoring the first-filed rule. Indeed, following consideration of the facts and circumstances that led to the administrative dismissal, the trial court granted American General's motion and restored its complaint against the Trust.

American General brought the New Jersey action promptly following its discovery of the fraudulent scheme perpetrated by plaintiff, Fink, Biller and other parties to be identified. Since that time, American General has aggressively prosecuted the New Jersey action, although much of its effort has been directed toward the Trust's, Landau's and Fink's persistent efforts to evade

4

and challenge service.[1] Contrary to plaintiff's baseless accusation, American General never attempted to delay matters in order to collect premiums. To the contrary, shortly after filing the New Jersey action, American General (by its New Jersey counsel) advised Landau:

> It has come to the company's attention that one or more premium payments have been tendered in connection with the Policy since the commencement of the lawsuit. We have in our possession a check issued by American General in the amount of $100,200, made payable to you as Trustee of the C Fink Family Trust ("the Trust") representing a refund of said premium payments.
>
> Please acknowledge your receipt of this letter, and please confirm your residential address immediately. We will forward the premium refund check to you upon receipt of your acknowledgement of this letter and confirmation of your address.
>
> In the interim, please refrain from submitting any further premium payments on the Policy.

Fishkin Decl. at exh. L. Far from attempting to elicit additional premium checks to keep for its own account, American General was attempting to *return* premiums paid and to convince Landau to "refrain from submitting any further premium payments on the Policy." *Id.*

Plaintiff's argument that American General's election to bring suit in New Jersey was motivated by forum shopping is more confounding, as is its claim that New Jersey had no connection to the Policy other than its agent having an office in the state. As American General stated in its Moving Brief, and plaintiff ignores in its opposition,

> New Jersey is the state (i) where the Defendants completed and executed the Policy application; (ii) where both the Trust and Biller resided; (iii) where Biller completed the agent's report; and (iv) where Fink and Landau completed and executed the American General Financial Questionnaire.

---

[1] Plaintiff will be free to pursue in the New Jersey action its allegation that American General knew of plaintiff's and the other parties' alleged fraud "from the time it issued the policy but kept the policy enforced solely to collect premiums and then rescind the policy and keep all the premiums paid as an 'offset' to its damages." Opp. Br. at 11.

Moving Br. at 17.[2]

Finally, the Court should reject out of hand plaintiff's argument that it should refuse to apply the first-filed rule because plaintiff believes the New Jersey action will be dismissed "for failure to serve" and given "the continued demand and collection of premiums estops American General from pursuing a rescission action." Opp. Br. at 12. While plaintiff has moved to dismiss the New Jersey action, its motion does not contain an argument that American General is estopped from pursuing its claims there. Nor would there have been any basis for such an argument given that American General brought the New Jersey action promptly after learning of plaintiff's and the other parties' fraudulent scheme and then promptly attempted to return premium checks and to stop Landau from making additional payments. Fishkin Decl. at Exh. L. While the motion does address service issues, it ignores that all of the named defendants in the New Jersey action have been served (and/or filed general appearances under N.J. Court Rule 4:4-6, thereby consenting to the New Jersey court's jurisdiction without regard to any service issues), and that by restoring the complaint against the Trust, the court has already found there was no issue with respect to issuance of the summons.[3]

---

[2] Plaintiff also argues that American General filed its action in New Jersey "to avoid the pro-consumer public policies of New York." Opp. Br. at 11. Given New Jersey's overwhelming connection to the parties' dispute, its law would apply regardless of where American General brought suit.

[3] Plaintiff will be free to pursue in the New Jersey action as a defense to American General's claims, the arguments it makes based on the authorities to which it cites at pp. 13-16 of its Opp. Br.

6

II. CONCLUSION

For these reasons, and for reasons contained in its moving papers, American General respectfully requests that this Court enter an Order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, staying the matter pending the resolution of the first-filed New Jersey Action, and granting such other and further relief in favor of American General as this Court deems just and proper.

Dated: March 23, 2011

_____
Andrew P. Fishkin
Steven M. Lucks
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel.: 646.755.9200
afishkin@FishkinLucks.com
slucks@FishkinLucks.com
*Attorneys for Defendant*
*American General Life Insurance Company*

021281.3