UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THE C FINK FAMILY TRUST BY ITS        :
TRUSTEE ZALMEN LANDAU,                 :
                                       :
              Plaintiff,               :
                                       :     10 Civ. 9230 (JSR)
         -v-                           :
                                       :     MERMORANDUM ORDER
AMERICAN GENERAL LIFE INSURANCE        :
COMPANY,                               :
                                       :
              Defendant.               :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

     On November 4, 2010, plaintiff The C Fink Family Trust

("Trust"), by its trustee Zalmen Landau, filed a Summons and

"Complaint for Declaratory Judgment" against defendant American

General Life Insurance Co. ("American General") in the Supreme

Court of the State of New York, County of New York, Index No.

114460/10 (the "New York Action").  The Complaint alleges that

the Trust is the owner of an American General life insurance

policy ("Policy") insuring the life of Chaim Fink, and that

American General canceled the Policy on July 15, 2010 for non-

payment of premiums despite the fact that the Trust paid the

required premiums.  Compl. ¶¶ 3, 9, 10.  Accordingly, the Trust

seeks a declaration that the Policy is in full force and effect.

Id. ¶ 16.

     On December 9, 2010 American General removed the New York

Action to this Court.  It is undisputed that subject matter

jurisdiction exists because of the complete diversity of

citizenship of the parties.  On February 10, 2011 American

General filed a motion to dismiss the case pursuant to Rule
12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff
filed opposition papers on March 11, 2011; defendant filed reply
papers on March 23, 2011; and the Court heard oral argument on
March 30, 2011.  After careful consideration, the Court issued an
Order granting defendant's motion in its entirety on April 1,
2011.  This Memorandum Order explains the reasons for the Court's
decision and directs the entry of final judgment.

Although the parties have presented the Court with sharply
divergent accounts of many of the facts, the following facts are
uncontested in their essentials.  In April 2008, Chaim Fink,
Zalmen Landau, and American General's agent Israel Biller
completed an application for an $8M American General life
insurance policy; the Policy would insure the life of Chaim Fink
and would be owned by The C. Fink Family Trust.  Memorandum of
Law in Support of American General Life Insurance Company's
Motion to Dismiss ("Def. Mem.") at 1.  American General issued
the Policy to the Trust on May 22, 2008.  Id. at 2.
Approximately two years later, American General became convinced
that Fink, Landau, and Biller had made fraudulent representations
to American General concerning Fink's net worth and the reasons
for which the Policy was sought, and therefore filed suit on May
21, 2010 against Fink, the Trust, Landau, Biller and John Doe

defendants in the Superior Court of New Jersey, Ocean County
(Docket No. L-1954-10) (the "New Jersey Action") seeking to
formally declare the Policy void ab initio.  It is clear that
American General subsequently experienced difficulty in serving
the defendants, although the parties vigorously dispute the cause
of those difficulties.  In any event, it is uncontested that the
New Jersey Action is ongoing.

American General argues that this Court should dismiss this
case in favor of the New Jersey action either under the
abstention doctrine or, in the alternative, pursuant to the so-
called "first-to-file" rule.  As an initial matter, the Court
finds that the principles of abstention provide the proper
analytical framework for a federal court to apply when faced with
a pending state court action.  As stated in Radioactive, J.V. v.
Manson, "[t]he first-to-file doctrine applies to concurrent
federal litigation -- not concurrent state/federal litigation."
153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001).  Accordingly, the fact
that the New Jersey Action was filed many months before the
instant proceeding is not alone dispositive in this case.

However, the Declaratory Judgment Act, which governs the
question at hand,[1] grants the Court broad discretion to dismiss

---

[1] See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671
(1950) ("The operation of the Declaratory Judgment Act is
procedural only.") (citations omitted); Quality King
Distributors, Inc. v. KMS Research, Inc., 946 F. Supp. 233, 236

plaintiff's complaint for declaratory judgment in favor of the
New Jersey Action.   The Declaratory Judgment Act provides that
"any court of the United States, upon the filing of an
appropriate pleading, may declare the rights and other legal
relations of any interested party seeking such declaration."   28
U.S.C. § 2201(a) (emphasis supplied).   See also Brillhart v.
Excess Ins. Co. of America, 316 U.S. 491, 494 (1942) ("Although
the District Court had jurisdiction of the suit under the Federal
Declaratory Judgments Act, it was under no compulsion to exercise
that jurisdiction.").   Indeed, the Supreme Court has made clear
that "ordinarily it would be uneconomical as well as vexatious
for a federal court to proceed in a declaratory judgment suit
where another suit is pending in a state court presenting the
same issues, not governed by federal law, between the same
parties."   Id. at 495.   The Supreme Court reaffirmed and
clarified these principles in Wilton v. Seven Falls Co., 515 U.S.
277 (1995):

> Brillhart makes clear that district courts possess discretion
> in determining whether and when to entertain an action under
> the Declaratory Judgment Act, even when the suit otherwise
> satisfies subject matter jurisdictional prerequisites.

(E.D.N.Y. 1996) (finding that removed action was "governed by
federal rather than state law because the Declaratory Judgment
Act addresses procedural as opposed to substantive rights");
Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 126 & n.2
(S.D.N.Y. 1995) ("Because the Declaratory Judgment Act is
procedural, Wilton and Brillhart apply with full force in this
removal action premised on diversity of citizenship.") (footnote
omitted).

4

> Although Brillhart did not set out an exclusive list of
> factors governing the district court's exercise of this
> discretion, it did provide some useful guidance in that
> regard.  The Court indicated, for example, that in deciding
> whether to enter a stay, a district court should examine "the
> scope of the pending state court proceeding and the nature of
> defenses open there." Ibid. This inquiry, in turn, entails
> consideration of "whether the claims of all parties in
> interest can satisfactorily be adjudicated in that proceeding,
> whether necessary parties have been joined, whether such
> parties are amenable to process in that proceeding, etc."
> Ibid. Other cases, the Court noted, might shed light on
> additional factors governing a district court's decision to
> stay or to dismiss a declaratory judgment action at the
> outset. See ibid. But Brillhart indicated that, at least where
> another suit involving the same parties and presenting
> opportunity for ventilation of the same state law issues is
> pending in state court, a district court might be indulging in
> "gratuitous interference," ibid., if it permitted the federal
> declaratory action to proceed.

Id. at 282-83.

In this case, it is clear that the instant controversy would
be better resolved in the New Jersey Action.  The claims pending
before the New Jersey State Court involve the very same Policy
that the plaintiff in this case asks the Court to declare in
"full force and effect."  However, given American General's claim
in the New Jersey Action that the Policy should be declared void
ab initio, it is clear that adjudicating the validity of the
Policy will likely require the presence of at least the following
parties: American General, the Trust, Chaim Fink, Israel Biller,
and potential John Doe defendants who will be identified through
discovery.  All of those parties are currently involved in the
New Jersey Action, and the New Jersey Court will therefore be

5

able to fully resolve all disputes concerning the Policy's
validity.  By contrast, only the Trust and American General are
currently parties to the instant suit, which is confined to the
limited issue of plaintiff's payment of premiums.  Accordingly,
"there is nothing that [plaintiff] can hope to achieve in this
action that it could not attempt to gain in the [New Jersey]
Action. On the other hand, because of the limited nature of this
action, . . . there is reason to question whether [American
General] could in this case vindicate all of the interests it is
pursuing in the [New Jersey] Action." North American Airlines,
Inc. v. Int'l Bhd. Of Teamsters, No. 04 Civ. 9949(KMK), 2005 WL
646350, at *21 (S.D.N.Y. Mar. 21, 2005).[2]  Additionally, even if
the relevant parties were eventually joined and American General
filed an appropriate counterclaim against the Trust, the result
would only be duplicative, piecemeal litigation that would
squander the limited resources of both this Court and the New
Jersey state court.

Dismissal is also appropriate in this case because a
declaratory judgment would improperly encroach upon the domain of
the New Jersey state court.  As American General points out,

---

[2] See also Van Wagner Enters., LLC v. Brown, 367 F. Supp. 2d 530,
531 (S.D.N.Y. 2005) ("Both VW Enterprises and Brown agree that
the additional claims and defenses that Brown wishes to bring in
this case are already pending in the State Action, that the
parties whom Brown seeks to join in the instant action have
already been joined in the State Action, and that the two cases

courts routinely dismiss insurance disputes because such cases
are governed by state law and are therefore especially
appropriate for resolution before the state court.  <u>See, e.g.</u>,
<u>Travelers Indem. Co. v. Philips Elec. N Am. Corp.</u>, No. 02 Civ.
9800(WHP), 2004 WL 193564, at *2 (S.D.N.Y. 2004) ("district
courts routinely invoke the doctrine of abstention in insurance
coverage actions, which necessarily turn on issues of state
law"); <u>Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Warrantech
Corp.</u>, No. 00 Civ. 5007(NRB), 2001 WL 194903 (S.D.N.Y. Feb. 27,
2001) (dismissing case in part because it involved issues of
state law); <u>Reliance Ins. Co. of Illinois v. Multi-Fin. Sec.
Corp.</u>, No. 94 Civ. 6971(SS), 1996 WL 61763, at *3 (S.D.N.Y. Feb.
13, 1996) ("Tipping heavily in favor of abstention in this case .
. . is the fact that state law will govern the outcome of this
action.").

      Finally, American General argues that, "as master of its
complaint and the entity whose rights have been placed at risk by
Defendants' (including the Trust's) fraudulent scheme perpetrated
in New Jersey, [it] was entitled to pursue relief in New Jersey
and invoke the protections afforded by New Jersey law under these
circumstances.  The Trust should not be permitted to end-run
American General's choice of forum."  Def. Mem. at 12.  The Court
agrees.  Moreover, it is certainly relevant that the New Jersey

---

arise from a common nucleus of operative facts.").

Action was filed months before plaintiff filed his complaint in
this case.

In response to these arguments, plaintiff contends that the
principles of Wilton and Brillhart should not apply in this case
because American General chose to remove the action to federal
court. See Memorandum of Law in Opposition to Defendant's Motion
to Dismiss ("Pl. Mem.") at 7. This argument is without merit.
It is undisputed that this action was properly removed to federal
court pursuant to the Court's diversity jurisdiction. Now that
the case is in federal court, the Declaratory Judgment Act
applies. See Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122,
126 & n.2 (S.D.N.Y. 1995) ("Because the Declaratory Judgment Act
is procedural, Wilton and Brillhart apply with full force in this
removal action premised on diversity of citizenship."). 
Plaintiff  also argues that "[i]f this Court chooses to abstain
from exercising jurisdiction over this matter, . . . the Fink
Trust submits that the appropriate procedure would be to remand
the action to the Supreme Court of New York." Pl. Mem. at 8.
However, the cases plaintiff cites in support of this
proposition, Jacobs v. District Director of Internal Revenue,
Borough of Manhattan, City of New York, 217 F. Supp. 104, 106
(S.D.N.Y. 1963), and In re Application of Thomas & Agnes Carvel
Found., 36 F. Supp. 2d 144 (S.D.N.Y. 1999), both involved motions

8

to remand in situations where no parallel state-court proceedings were pending elsewhere (i.e., in other states).  The remainder of plaintiff's arguments are directed towards the first-to-file rule, and are in any event unpersuasive.

For the foregoing reasons, the Court hereby affirms its decision to dismiss this action.  The Clerk of the Court is directed to enter final judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
          April 9 , 2011

9